IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KATHY D. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:09-CV-333 |
| RAVENWOOD RECEIVABLES CORPORATION and GARY L. SADLER, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the court on "Defendant's [sic] Second Motion to Dismiss in Response to Plaintiff's First Amended Complaint" [doc. 8], to which plaintiff has filed a response [doc. 10]. For the reasons that follow, defendants' Rule 12(b)(6) motion will be granted and this civil action will be dismissed.[1]

I.

*Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule

---

[1] Also pending is defendants' original motion to dismiss [doc. 3] pertaining to the original complaint. The amended and original complaints contain wholly distinct factual bases. The amended complaint in no way references or incorporates - and thus has supplanted - plaintiff's original pleading. *See Parks v. Fed. Express*, No. 99-5827, 2001 WL 30523, at *4 (6th Cir. Jan. 4, 2001); *Turner v. Whitehorn*, No. 98-6635, 1999 WL 1336074, at *2 (6th Cir. Dec. 21, 1999). The earlier motion to dismiss [doc. 3] will accordingly be denied as moot.

12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Unsupported legal conclusions will not suffice. *Iqbal*, 129 S. Ct. at 1949-50.

II.

*Analysis*

According to the amended complaint, defendants filed a lawsuit against plaintiff in state court to collect a debt,

> namely, a credit card bill originally owed to or serviced by Orchard Federal Savings Bank, and which is allegedly owed in the amount of $2,080.35.
>
> Sometime prior to August 21, 2008, Plaintiff's debt was sold or otherwise transferred to Defendant [sic] for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendant [sic], all in an attempt to collect this debt.

[Amended Complaint, ¶¶ 16-17]. The complaint further alleges that in the course of that litigation defendants, as "financial institutions," disclosed plaintiff's "nonpublic personal information" to "nonaffiliated third part[ies]" in violation of sections 6802(a) and (b) of the

2

Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, *et seq.*[2]

There is, however, no private right of action under the GLBA. *See* 15 U.S.C. § 6805; *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007); *Smith v. First Century Bank*, No. 3:04-cv-591, 2007 WL 1035125, at *4 (E.D. Tenn. Mar. 30, 2007). Plaintiff therefore instead seeks damages and attorney fees under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The FDCPA contains a private cause of action, under certain circumstances, for those harmed by "debt collectors." *See* 15 U.S.C. § 1692k.

Unlike her original complaint, the amended complaint alleges no direct violation of any provision of the FDCPA. Instead, the amended FDCPA complaint is predicated wholly on defendants' alleged GLBA violations. According to plaintiff, the allegedly unauthorized disclosures under the GLBA were false representations of the legal status of a debt, 15 U.S.C. § 1692e(2)(A), threats to take action that cannot legally be taken, 15 U.S.C. § 1692e(5), false representations or deceptive means used to collect a debt, 15 U.S.C. § 1692e(10), and unfair means used to collect a debt, 15 U.S.C. § 1692f - all of which purportedly allow her to recover damages under the FDCPA that the GLBA does not otherwise authorize.

The court need not decide whether an alleged violation of the GLBA (with no corresponding private right of action) can be transformed into a violation of the FDCPA

---

[2] A copy of the state court civil summons is attached to the original complaint. The "information" contained therein is plaintiff's name and the amount allegedly owed.

3

(with the potential for an award of damages and attorney fees) because the amended complaint does not state a violation of the GLBA. The provisions of that act cited by plaintiff forbid disclosure of nonpublic personal information to nonaffiliated third parties unless: (1) notice is first provided to the consumer, 15 U.S.C. § 6802(a); or (2) the financial institution enters into a confidentiality agreement with the nonaffiliated third party, 15 U.S.C. § 6802(b)(2). There are, however, exceptions to these requirements - one of which applies to the facts alleged by plaintiff.

The GLBA makes clear that section 6802(a) and (b) "shall not prohibit the disclosure of nonpublic personal information as necessary to effect, administer, or enforce a transaction requested or authorized by the consumer . . . ." 15 U.S.C. § 6802(e)(1). "The term 'as necessary to effect, administer, or enforce the transaction' means," in part, "a usual, appropriate or acceptable method, in connection with the . . . collection of amounts charged . . . using a . . . credit . . . card . . . ." 15 U.S.C. § 6809(7)(D)(i).

According to the amended complaint, defendants filed suit in state court to collect a credit card debt. The state court civil summons shows plaintiff's name and the amount allegedly owed. The means employed by defendants were entirely "a usual, appropriate [and] acceptable method" of collecting a credit card debt. *See id.*; *cf. Dunmire*, 475 F.3d at 961. The amended complaint therefore fails to state a claim upon which relief can be granted, plaintiff's unsupported legal conclusions notwithstanding.

This civil action must accordingly be dismissed. An order consistent with this opinion will be entered.

ENTER:

                                                  s/ Leon Jordan
                                          United States District Judge